UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>FRASBERG SELASSIE,<br><br>          Defendant. | Case No. 2:24-cv-01834-CDS-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 1915, Defendant is proceeding in this action *pro se* and has requested authority pursuant to § 1915 to proceed *in forma pauperis*.[1]  *See* Docket No. 1. Defendant also filed a notice of removal.  Docket No. 1-1.

**I.     Magistrate Judge Authority**

The Court first evaluates its authority to address the matter.  The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters.  *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013).  By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's de novo review.  *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60.  Section 636 specifically enumerates eight different types of matters to be treated as "dispositive."  See 28 U.S.C. § 636(b)(1)(A)-(B).  When a matter falls outside of those expressly enumerated as dispositive, courts look to the nature and effect of the

---

[1] Given the Court's separate duty to ensure that it has subject matter jurisdiction over the dispute before it, the Court need not address whether Defendant qualifies to proceed *in forma pauperis*.

issued ruling to determine whether the underlying matter should be considered dispositive or non-dispositive. *See, e.g., Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).

The Ninth Circuit has held that remanding a case to state court, while not case-dispositive, is dispositive of proceedings in federal court and is therefore beyond the authority of magistrate judges. *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015). As such, the undersigned will issue a report and recommendation to the assigned district judge. *See id*.

**II.     Standards**

Cases may be removed from state court to federal court based on the existence of federal subject matter jurisdiction. 28 U.S.C. § 1441. The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. Removing defendants bear the burden of establishing that removal is proper. *Id*. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

a.  Federal Question Jurisdiction

"Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The "well-pleaded complaint rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. v. Locyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2003) (internal citations omitted). The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id*. (internal citations omitted). Moreover, counterclaims cannot be used to establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Defendant's notice of removal indicates that federal question jurisdiction exists because Defendant brings a counterclaim for copyright infringement. Docket No. 1-1 at 2. Defendant's counterclaim alleging a violation of federal law cannot be used as a basis for federal question jurisdiction.

### b. Diversity Jurisdiction

To remove a state action to federal court based on diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

In determining whether the amount in controversy is met, courts first look to the complaint. *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (internal citations omitted). Here, Defendant does not attach the complaint, so the amount in controversy is not facially apparent. *See* Docket. When it is not facially apparent from the complaint that the jurisdictional threshold is met, a defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Here, Defendant's notice of removal consists of only conclusory statements that the amount in controversy exceeds $75,000. Defendant submits that "Plaintiff's unlawful [contract] interference caused delays, additional costs, and significant financial damages to Defendant, exceeding $75,000" and that Plaintiff stole Defendant's personal property, which had a total value that exceeds $75,000. Docket No. 1-1 at 3. Defendant must support his claim for federal jurisdiction with specific facts, not conclusory statements. *See Pegram v. Jamgotchian*, No. 3:12-cv-50-RCJ-VPC, 2012 WL 3929789, at *5 (D. Nev. Sept. 7, 2012).

Further, Defendant submits that he is a resident of California, and Plaintiff is a "foreign Delaware limited liability company."[2] Docket No. 1-1 at 2. However, Defendant's civil cover

---

[2] A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, Defendant submits only that Plaintiff is a citizen of Delaware but does not provide any information

sheet states that Defendant is a citizen of Nevada and lists Clark County as his county of residence. *See* Docket No. 1-2. As federal question jurisdiction does not exist, the removal of this case based solely on diversity jurisdiction is improper in that it violates the local defendant rule. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

      c.  Timeliness

28 U.S.C. § 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Moreover, 28 U.S.C. § 1446(c)(1) bars the removal of a case under 28 U.S.C. § 1332 "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Here, Defendant attempts to remove a case from 2019. Docket No. 1-1 at 8. Defendant submits that "Plaintiff's improper service and procedural violations…have delayed proper jurisdictional proceedings" and as "Defendant was never properly served, the 30-day window for removal" has not begun. *Id*. In general, "a party waives the defense of insufficient service of process by failing to assert it promptly by motion or in the responsive pleading, or by participating in the litigation without questioning personal jurisdiction." *Phillips v. State Bar of Nevada*, No. 2:16:cv-00412-GMN-CWH, 2017 WL 1042461, at *2 (D. Nev. Mar. 16, 2017) (internal citations omitted). The docket from the state court proceeding reflects that Defendant heavily participated in the state litigation. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state court records). Thus, Defendant's notice of removal is untimely.

---

regarding Plaintiff's owners or members. However, due to the numerous issues analyzed throughout, the Court need not engage in an analysis of Plaintiff's citizenship.

d. Prior Removal

Defendant has previously tried to remove this underlying state court action. *Compare* Docket No. 1-1 at 1 *with* 2:19-cv-00962-RFB-CWH, Docket No. 1-1 at 1. United States District Judge Richard F. Boulware, II denied Defendant's petition for removal for lack of subject matter jurisdiction and ordered that this case be remanded to state court. 2:19-cv-00962-RFB-CWH, Docket No. 6 at 2. Defendant cannot remove it again more than five years later, with no explanation as to why this Court now has jurisdiction over that case. *See White v. Dyess,* No. 2:12-cv-01893-APG-NJK, 2018 WL 9732205 (D. Nev. Aug. 16, 2018*)*.

Accordingly, the undersigned **RECOMMENDS** that this case be **REMANDED** for lack of subject matter jurisdiction. In light of this recommendation, the Court **DENIES** Defendant's application to proceed *in forma pauperis.* Docket No. 1.

Dated: November 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

5