UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Catamount Properties 2018, LLC, | Case No. 2:24-cv-01834-CDS-NJK |
| Plaintiff | **Order Overruling Objection to Report and Recommendation, Adopting Recommendation, and Resolving Pending Motions** |
| v. | |
| Frasberg Selassie, | |
| Defendant | [ECF Nos. 1, 11, 12, 14, 20, 21, 25, 26, 28, 30, 31] |

Defendant Frasberg Selassie[1] removed this action from state court based on purported federal question jurisdiction arising out of his counterclaim of copyright infringement. *See* ECF No. 1-1 at 2. On November 26, 2024, United States Magistrate Judge Nancy J. Koppe issued a report and recommendation (R&R) that I dismiss this action for lack of subject matter jurisdiction because a defendant's counterclaim asserting a violation of federal law cannot be used as a basis for federal question jurisdiction. R&R, ECF No. 28. Selassie filed an objection to the R&R the same day. ECF No. 30. Plaintiff Catamount Properties 2018, LLC filed a response to the objection on December 10, 2024. ECF No. 35.

Also pending before the court are Selassie's motion for a hearing, motion for sanctions, motion for summary judgment, and a renewed application to proceed *in forma pauperis* (ECF Nos. 14, 25, 26, 31) and Catamount Properties' motion to remand and motion to declare Selassie a vexatious litigant (ECF Nos. 11, 12).[2] For the reasons set forth herein, I overrule Selassie's objections, adopt the R&R in full, and remand this action to state court. I also deny all remaining motions.

---

[1] Selassie is also known as Mr. Clayton-M. Bernard-Ex.
[2] These motions were originally docketed at ECF Nos. 7 and 8. However, corrected images were filed at ECF Nos. 11 and 12, which are now the operative motions. The court cites to the corrected images herein.

I.  Legal Standard

A district court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR IB 3-2(b).

II.  Discussion

**A.  Judge Koppe's R&R is neither clearly erroneous nor contrary to the law.**

Judge Koppe issued a report and recommendation that I dismiss this action for lack of subject matter jurisdiction and for untimely removal. R&R, ECF No. 28 at 2–4. Although Selassie filed an objection to the R&R, he fails to cite any points and authorities demonstrating that the magistrate judge's legal findings or conclusions are clearly erroneously or contrary to the law. Instead, he makes conclusory arguments related to his dismissed 2019 action, argues opposing counsel makes alleged misrepresentations to the court, and then submits for various requests for relief. *See generally* Obj., ECF No. 30. Even liberally construing the objections,[3] I cannot exercise subject matter jurisdiction over this action because, as determined by Judge

---

[3] Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Koppe, there is no federal question or diversity jurisdiction present on the face of the complaint. Counterclaims cannot give rise to federal question jurisdiction. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) ("the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint' rule which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Under 28 U.S.C. § 1331, a state court action can only be removed if it could have originally been brought in federal court. *Id.*; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Defenses and counterclaims are not considered in evaluating whether a federal question appears on the face of a *plaintiff's* complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim.") (emphasis added). Accordingly, Selassie's objection is overruled.

Because the court lack lacks subject matter jurisdiction over this action, it must be dismissed, *see* Fed. R. Civ. P. 12(h)(3), therefore I adopt Judge Koppe's R&R in full, remand this action to Justice Court, and deny Selassie's application for leave to proceed *in forma pauperis*. Because of this, I deny as moot[4] Selassie's remaining motions and Catamount Properties' motion to remand.

**B. Plaintiff's motion to declare Selassie a vexatious litigant is granted.**

On October 24, 2024, as part of its motion to remand, Catamount Properties filed a motion to declare Selassie a vexatious litigant. ECF No. 12 at 1–5; 6–10. Therein, Catamount Properties argues that granting their motion to remand this case to state court[5] will be insufficient to stop Selassie from "filing inappropriate motions, requests, pleadings, and other documents in this case as well as other future cases," and will effectively permit Selassie to "further harass [them]." *Id.* at 1. Catamount Properties asks this court to enter "an order

---

[4] Only the plaintiff's request to remand is denied as moot. The court addresses plaintiff's motion to declare defendant a vexatious litigant in the following section. That relief is pending.

[5] This action (hereinafter "the 2019 state action") was initiated by Catamount Properties LLC in 2019 in Las Vegas Justice Court. *See* Docket from Justice Ct., Pl.'s Ex. 1, ECF No. 12-1.

prohibiting Defendant from filing any other cases relating to Plaintiff or 8221 Hydra Lane, Las Vegas, NV 89128 ("the Property") without prior permission from the Court." *Id.*

Selassie opposed the motion.[6] Opp'n, ECF No. 10 at 5–6. Therein, Selassie argues Catamount Properties' motion is a "blatant misuse of legal procedures intended to silence [his] defense," that he has a right to defend his property, and that his filings are both "legitimate" and "made in good faith." *Id.* Selassie further argues that Catamount Properties has abused the legal process and is attempting to "obstruct [his] access to justice" by filing their vexatious litigant motion. *Id.* at 6.

### 1. Discussion

District courts have the inherent power to order restrictive pre-filing procedures against vexatious litigants with abusive and lengthy histories of litigation. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990) ("there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants") (internal citation omitted). The Ninth Circuit has long cautioned that such orders are "an extreme remedy" that should be "rarely used" and not entered hastily. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). That is because "[r]estricting access to the courts is . . . a serious matter" that carries constitutional implications. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[S]uch measures against a pro se plaintiff should be approached with particular caution." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980). At the same time, "district courts 'bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.'" *Bridgewater v. Hayes Valley Ltd. P'ship*, 2011 WL 635268, at *4 (N.D. Cal. Feb. 11, 2011)

---

[6] Selassie also improperly filed two surreplies. ECF Nos. 20 and 21. A surreply is an additional reply brief filed by the non-moving party after the underlying motion has already been fully briefed. *Hammler v. Lyons*, 2023 WL 113764, at *1 (E.D. Cal. Jan. 5, 2023) (citations omitted). The two documents appear to be duplicates of each other, however ECF No. 21 contains exhibits. Local Rule 7-2(b) states "[s]urreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." Selassie did not seek leave of court before filing the surreply, so I strike both filings. They are not considered as part of my resolution of the vexatious litigant motion.

4

(quoting *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990)). "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057.

The Ninth Circuit has provided guidelines for courts to apply before ordering pre-filing restrictions. *De Long*, 912 F.2d at 1147 First, to be compliant with the requirements of due process the court must provide the litigant "notice an opportunity to be heard before the order is entered." *Id.* Second, to ensure adequate review, the court should provide "a listing of all the cases and motions that led the . . . court to conclude that a vexatious litigant order was needed." *Id.* (citation omitted). "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id.* (citations omitted). The court must look at "both the number and content" of the litigant's filing and make substantive findings regarding the frivolousness or harassing nature of the filings... While the court's frivolousness finding is not number-dependent, litigiousness alone is insufficient—the litigant's claims must be without merit. *Ringgold-Lockhart*, 761 F.3d at 1064. Finally, the court "should consider whether other, less restrictive options, are adequate to protect the court and parties." *Id.* (citations omitted). As background, and pursuant to Federal Rule of Civil Procedure 201, the court takes judicial notice[7] of Selassie's other cases in this district, which were filed in either of his two names—Clayton-M. Bernard-Ex. or Frasberg Selassie: (1) *Krane et al v. Brown et al.*, 2:20-cv-00501-RFB-BNW; (2) *Catamount Properties 2018, LLC v. Selassie*, 2:19-cv-00962-RFB-CWH; (3) *Bernard-Ex et al (aka Selassie) v. Catamount Properties 2018, LLC et al.*, 2:19-cv-01280-RFB-BNW; (4) *Bernard-Ex v. Molinar et al.*, 2:21-cv-00059-APG-NJK; (5) *Bernard-Ex v. Pupo, et al.*, 2:21-cv-00100-RFB-BNW; (6) *Bernard-Ex v. Rehfeldt, et al.*, 2:21-cv-00703-RFB-BNW; (7) *Bernard-Ex v. Molinar*, 2:21-cv-00704-RFB-BNW; (8) *Bernard-Ex v. Wolfson*, 2:21-cv-00705-RFB-BNW; (9) *Bernard-Ex v. Chambers*, 2:21-cv-00706-RFB-BNW; (10) *Bernard-Ex v. Ford*, 2:21-cv-00710-RFB-BNW; (11) *Bernard-Ex v. Werbicky*, 2:21-cv-00716-

---

[7] *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

RFB-BNW; (12) *Bernard-Ex v. State of Nevada*, 2:21-cv-00718-RFB-BNW; (13) *Bernard-Ex v. Las Vegas Metropolitan Police Department*, 2:21-cv-00843-RFB-BNW; (14) *Bernard-Ex v. Carter*, 2:22-cv-02094-RFB-VCF; (15) *Bernard-Ex v. Board Of County Commissioners*, 2:22-cv-01885-MMD-EJY; (16) *Bernard v. Specialized Loan Servicing LLC, et al.*, 2:23-cv-00885-GMN-MDC; (17) *Bernard-Ex. v. Las Vegas Township Justice Court, et al.*, 2:24-cv-00295-JAD-EJY; (18) *State of Nevada v. Bernard-Ex.*, 2:24-cv-02114-JAD-DJA; (19) *Bernard Ex. vs. Las Vegas Metropolitan Police Department*, 2:24-cv-02218-GMN-NJK; (20) *Bernard-Ex v. Lay*, 2:24-cv-02195-JAD-BNW; (21) *Bernard-Ex v. Social Security Administration*, 2:24-cv-02254-MDC.

Several of his cases were ordered to be consolidated because they seemingly arose from the same set of events. *See e.g.* Consolidation Order, ECF No. 126 in *Bernard-Ex v. Pupo, et al*, 2:21-cv-00100-RFB-BNW. Several other actions have been dismissed for failing to comply with court orders[8] and failing to file an opposition to a motion to dismiss.[9] Selassie files motions and other rouge documents such as "affidavits of truth," motions to disqualify the judge, or objections to final judgments, in some cases, even after the case is dismissed. *See* ECF Nos. 9, 13, 42, 43, 51, 53 in *Bernard-Ex v. Specialized Loan Servicing LLC, et al.*, 2:23-cv-00885-GMN-MDC ("Affidavit in Support of Complaint," a "Reply to Court Order and Motion to Disqualification," an "Affidavit of Truth," a "Motion to Disqualify/Recuse," an "Admiralty Notice," and a "Presidential Order"); ECF Nos. 4–6 in *Bernard-Ex, et al. v. Catamount Properties 2018, LLC, et al.*, 2:19-cv-01280-RFB-BNW ("Affidavit of Truth," an "Affidavit of Identity," and an "Affidavit of Title"); ECF Nos. 11–13 in *Clayton-M. Bernard-Ex v. Las Vegas Township Justice Court, et al.*, 2:24-cv-00295-JAD-EJY ("Affidavit and Documents in Support of Complaint," an "Affidavit and Declaration in Support of Plaintiff Verified Complaint" and "Affidavit of Reservation of Rights UCC 1-308/1-207") and ECF Nos. 27, 30, 31 (three "Affidavits of Truth"), and ECF No. 34 ("Objection to Judgment and Disqualification of Judge"). As a result of Selassie's improper filings in the case ending in '295,

---

[8] *See e.g.* ECF No. 6 in *Bernard-Ex v. Board of County Commissioners*, 2:22-cv-01885-MMD-EJY; ECF No. 4 in *Bernard-Ex v. Carter*, 2:22-cv-02094-RFB-VCF.

[9] *See e.g.* ECF No. 14 in *Bernard-Ex, et al v. Catamount Properties 2018, LLC, et al.*, 2:19-cv-01280-RFB-BNW.

the district judge issued a minute order prohibiting him from filing any further objections or motions in the case other than a proper notice of appeal. ECF No. 36 in *Clayton-M. Bernard-Ex*, 2:24-cv-00295-JAD-EJY.

A review of Selassie's cases also reveals that this is not the first time he has improperly removed this action. In 2019, Selassie removed this same case from state court. ECF No. 6 in *Catamount Properties 2018, LLC v. Selassie*, 2:19-cv-00962-RFB-CWH (order remanding case for lack of subject-matter jurisdiction). The court also takes judicial notice of the docket in Justice Court, Case Number 19C0011528. *See* Pl.'s Ex. 1, Register of actions, ECF No. 12-1. That docket is full of numerous improper filings such as "affidavits of truth," "home improvement receipts", "notice of trademarks," "notice of cease and desist," and an attempt to remove the action to Admiralty Court. *Id.* at 3–6. The docket also reveals that these were filed *after* summary judgment was granted in favor of Catamount Properties in July of 2024. *Id.* at 6. The record before the court suggests that Selassie is improperly attempting to disrupt the adjudication of the underlying state case where plaintiff is attempting vacate the Hydra Lane property that they purchased via foreclosure sale.

It is also not the first time Selassie has improperly removed an action. *See* ECF No. 6 in *Bernard-Ex v. Molinar, et al.*, 2:21-cv-00059-APG-NJK. In that case, and others, Selassie attempted to bring a claim for relief or assert federal question jurisdiction under various sections of Title 18 of the United States Code that do not have a private right of action. *See e.g.* ECF No. 1-1 in *Krane et al v. Brown, et al.*, 2:20-cv-00501-RFB-BNW; *see also* ECF No. 1-1 in *Bernard-Ex, et al. v. Catamount Properties 2018, LLC, et al.*, 2:19-cv-01280-RFB-BNW.

Further, the '295 action is another attempt to obstruct the 2019 state case brought by Catamount Properties. There, Selassie alleged a purported "conspiracy against citizens rights" action citing 18 U.S.C. § 241. In court filings, Selassie lodged various allegations against the judge presiding over the 2019 state action, and later filed "notices" to add additional defendants in an attempt to add the assigned district judge, magistrate judge, as well as almost every other judge

in this district as a defendant in the case. *See* ECF No. 32 at 3 (citing ECF Nos. 9; 14; 16; 18; 22; 26) in *Clayton-M. Bernard-Ex v. Las Vegas Township Justice Court, et al.*, 2:24-cv-00295-JAD-EJY.

In a 2023 action, *Bernard-Ex v. Specialized Loan Servicing LLC, et al.*, 2:23-cv-00885-GMN-MDC, Selassie brought a complaint against Catamount Properties, Specialized Loan Servicing LLC, and others, alleging a range of violations of federal law from 42 U.S.C. § 1981, 18 U.S.C. § 242, civil rights violations, trademark infringement, money laundering, to RICO. *Id.* at ECF No. 1-1 at 3–4. While difficult to discern, the allegations seemingly challenged the decisions in the 2019 state case. *See id.* at ECF No. 20, report and recommendation that the action be dismissed; ECF No. 41, Order adopting R&R and dismissing action for failing to state a claim.

Although Selassie has not filed an extraordinary number of lawsuits related to the Hydra Lane property, the repeated attempt at "removing" the same action to this court as well attempting to remove the action to "Admiralty Court," together with his other improper removals and meritless actions, cause needless expense to other parties and has posed an unnecessary burden on the courts and their personnel. Multiple overlapping lawsuits filed against the same parties containing various allegations that do not give rise to a cognizable cause of action and/or subject matter jurisdiction demonstrate a pattern of vexatiousness and harassment that flagrantly abuses our judicial system.

Selassie had the opportunity to be heard as he filed an opposition to Catamount Properties motion to declare him vexatious (Opp'n, ECF No. 10), so the first factor is met. *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017) (A district court may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing."). The court thus turns to the other relevant factors.

As set forth above, a review of the record demonstrates Selassie's continuous abuse of the judicial process by filing meritless and repetitive actions. In particular, he either improperly removes states actions—as the plaintiff—or brings actions that indirectly challenge the state action. Having read the complaints in each action related, directly or indirectly, to the Hydra

Lane property, I find Selassie's litigation substantively frivolous and harassing. *De Long*, 912 F.2d at 1148; *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Thus, a narrowly tailored order only prohibiting Selassie from bringing additional suits related to the Hydra Lane property in this district is appropriate. This is based on consideration of the number of cases brought by Selassie, and the blatant attempt to obstruct the underlying 2019 state action.[10] Stated otherwise, as it relates to the Hydra Lane property actions, Selassie is neither filing nor removing those actions in good faith; his motive is to obstruct Catamount Properties from taking possession of the property. His bad faith and improper motive places a needless burden on the court and the parties. Indeed, Selassie persists in improperly removing the 2019 state action, bringing actions that lack subject matter jurisdiction despite being previously warned by the court that doing so could led to a vexatious litigant order being issued against him. *See Bernard-Ex v. Carter*, Case No. 2:22-cv-02094-RFB-VCF, 2023 WL 11831860, *2 (D. Nev. Jan. 10, 2023) (Order warning Selassie "that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.") These endless, repetitive filings cause needless expense and pose an extraordinary, unnecessary burden, not just on the courts, but on their personnel as well.

      Selassie is a pro se litigant in this case and in the over twenty others he has initiated in this district. Generally, courts are protective of pro se litigants' fundamental right to access the court. *De Long*, 912 F.2d at 1147 ("[W]e also recognize that such pre-filing orders should rarely be filed."). However, I find that this factor does not outweigh Selassie's frivolous and abusive litigation tactics. A court is not to sit idly by in the face of a litigant who exhibits a pattern of abusive or frivolous litigation. *Reddy v. MedQuist, Inc.*, 2012 WL 6020010, at *8 (N.D. Cal. Dec. 3, 2012) ("[C]ourts are entitled to enjoin pro se litigants with 'abusive and lengthy' litigation histories.") (citing *De Long*, 912 F.2d at 1147).

---

[10] The court notes that Selassie recently filed a notice of bankruptcy in this and in the '295 action. While making no decision on the merits, the record suggests Selassie's bankruptcy filing is another attempt to obstruct the 2019 state action.

1     This court is duty-bound to read through each filing that comes before it. However, the magistrate judges of this district and clerks of the court often handle the important minutiae of ensuring that pro se filings conform with the federal and local rules. They are burdened by Selassie's numerous cases. Selassie has not shown any regard for the court's instructions, repeatedly ignoring multiple explicit instructions to abide by court orders or instructions, including not to file documents or motions after the case is closed. These actions again cause needless expense and pose an extraordinary, unnecessary burden on the court and its staff. Accordingly, this also weighs in favor of a finding of vexatiousness.

    A review of the record further reveals that neither warnings nor court orders deter Selassie. Because Selassie has repeatedly failed to comply with the court's instructions, monetary sanctions are unlikely to deter him from filing future frivolous actions, especially in light of his recent filing for bankruptcy. Any pre-filing order must be narrowly tailored to the specific abusive practice at issue "to prevent infringement on the litigator's right of access to the courts." *De Long*, 912 F.2d at 1148 (internal quotation marks omitted). The court does not take lightly its inherent power to issue a pre-filing order. However, it appears that no other sanction would adequately protect the parties or the judicial system. I find a pre-filing restriction, drawn as narrowly as possible, is the only way to curtail Selassie's behavior without unduly infringing upon his right of access to this court.

### *2. A narrowly tailored pre-filing order is appropriate.*

    Upon consideration of the aforementioned record, and the Ninth Circuit's five-factor test in *De Long*, I find a pre-filing vexatious litigant order is warranted and appropriate. A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1059. A "pre-filing order likely is overbroad if it prevents the litigant from filing any suit in the Court or applies to a suit against anyone when the record showed plaintiff was litigious with respect to only one group of defendants." *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263 (D. Nev. 2011) (citing *Molski*, 500 F.3d at 1061). Here, Selassie's specific vice is his continuous attempts to

prevent the proper adjudication of the 2019 state action brought by Catamount Properties against him. Thus, I must tailor the pre-filing order to address that specific vice, as opposed to a general restriction prohibiting him from filing suit. Frasberg Selassie, aka Mr. Clayton Bernard-Ex, is hereby prohibited from initiating or removing any action pro se that is related, directly or indirectly, to the 2019 state action (Las Vegas Justice Court Case No. 19C011528) brought against him by Catamount Properties 2018, LLC involving the real property located at 8221 Hydra Lane, Las Vegas, Nevada 89128 without first obtaining leave of court. This should serve to protect his right of access to the courts while also maintaining the efficacy of the judicial branch. Selassie, aka Bernard-Ex, may, of course, still seek permission from the Chief Judge of this District when he seeks to bring suit as a pro se litigant as it relates to 8221 Hydra Lane property or the 2019 state action. He may also, with counsel, initiate litigation in this district without seeking leave of court. Practicing attorneys in the state of Nevada must follow rules of ethics that require them to bring proceedings only if "there is a basis in law and fact for doing so that is not frivolous." Nev. R. Prof. Cond. 3.1. Selassie's non-frivolous claims will thus still have access to the courts, whether he is represented by counsel and can file immediately or is proceeding pro se and required to file after obtaining leave from the Chief Judge of this District. The Clerk of this Court shall not accept any further complaints or notices of removal filed by Selassie, aka Bernard-Ex, or on behalf of Selassie, aka Bernard-Ex, until that complaint has first been reviewed by the Chief Judge and is approved for filing.

### III. Conclusion

I find that Selassie's repeated waste of court time and resources impedes the adjudication of other pending matters. Accordingly:

IT IS HEREBY ORDERED that Catamount Properties 2018 LLC's motion to declare Frasberg Selassie (aka Mr. Clayton Bernard-Ex) a vexatious litigant **[ECF No. 12] is GRANTED.**

Frasberg Selassie (aka Mr. Clayton Bernard-Ex)[11] is a vexatious litigant and therefore enjoined and prohibited under 28 U.S.C. § 1651(a) from filing any complaint, petition, or other document in the United States District Court for the District of Nevada that relates to initiating new litigation or removing any action as a pro se litigant that is related, directly or indirectly, to the 2019 state action (Las Vegas Justice Court, Case No. 19C011528) brought against him by Catamount Properties 2018, LLC involving the real property located at 8221 Hydra Lane, Las Vegas, Nevada 89128 without first obtaining pre-filing permission from the Chief Judge of this District.

IT IS FURTHER ORDERED that if Selassie intends to file any pleadings or papers with this court that relate in any way to initiating new litigation or removing any action that is related, directly or indirectly, to the 2019 state action (Las Vegas Justice Court, Case No. 19C011528) brought against him by Catamount Properties 2018, LLC involving the real property located at 8221 Hydra Lane, Las Vegas, Nevada 89128, he must first comply with the following instructions:

1. Selassie must apply to the Chief Judge of this District for leave to file the initiating documents by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File", which must be supported by a declaration from Selassie, made under penalty of perjury, stating that (1) the matters asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and

2. Selassie **must** attach a copy of this order to any such application.

---

[11] Selassie is cautioned that attempting to circumvent this order by filing under another name will result in the issuance of sanctions.

Failure to comply with this order will constitute sufficient grounds for denial of Selassie's application.

IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition for removal, or document on a closed case, or any other litigation-initiating documents submitted pro se without prior compliance with this order. This includes filings into this action, as well case numbers 2:19-cv-00962-RFB-CWH, 2:23-cv-00885-GMN-MDC, and 2:24-cv-00295-JAD-EJY.

IT IS FURTHER ORDERED that Catamount Properties 2018 LLC motion to remand **[ECF No. 11] is DENIED as moot.**

IT IS FURTHER ORDERED that Selassie's surreplies **[ECF Nos. 20, 21] are STRICKEN**.

IT IS FURTHER ORDERED that I adopt Judge Koppe's report and recommendation **[ECF No. 28] in its entirety**; therefore I remand this action, Case No. 19C011528 to Las Vegas Justice Court, Department 6, for lack of subject matter jurisdiction and deny **[ECF No. 1]** Selassie's application to proceed *in forma pauperis.*

IT IS FURTHER ORDERED Selassie's objection **[ECF No. 30] is OVERRULED.**

IT IS FURTHER ORDERED that all other pending motions **[ECF Nos. 14, 25, 26, 31] are DENIED as moot.**

As this case is now closed, Selassie aka Bernard-Ex is prohibited from filing any documents in this case aside from a proper notice of appeal.

Dated: December 16, 2024

_____
Cristina D. Silva
United States District Judge